DECISION AND JUDGMENT ENTRY
{¶ 1} This state appeal is before the court on appeal from the Lucas County Court of Common Pleas, which modified appellee Robert Raitz's sentence. Because we find that appellant did not seek leave to appeal, we dismiss the appeal.
 {¶ 2} Appellee pleaded no contest to, and was found guilty of, one count of aggravated vehicular homicide, a third degree felony, and one count of vehicular assault, a fourth degree felony. The trial court sentenced appellee to four years community control with several conditions and suspended appellee's driver's license for three years as to the first count and one year as to the second. Three months after sentencing, appellee moved the trial court to modify his sentence to, inter alia, grant occupational driving privileges. The trial court granted the motion. Appellant now appeals, setting forth the following assignment of error:
 {¶ 3} "Under R.C. 2903.06(B)(1)(b) and R.C. 4507.16(A)(2), the trial court must suspend the driver's license of anyone who violates R.C. 2903.06(A)(2) for at least three years. The trial court lacks the authority either to consider or to grant a request for occupational driving privileges in this context."
 {¶ 4} Appellee filed a response brief arguing, first, that this court does not have jurisdiction to hear the appeal because appellant did not seek leave to appeal. Since reply briefs are typically not permitted in accelerated cases such as this one, appellant was not afforded an opportunity to respond. Therefore, by order dated September 29, 2003, we provided appellant an opportunity to be heard on the jurisdiction question.
 {¶ 5} R.C. 2945.67(A) outlines the circumstances under which the state may appeal a trial court's decision. That section provides:
 {¶ 6} "(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony."
 {¶ 7} R.C. 2953.08(B), relating to state appeals of sentences, provides:
 {¶ 8} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 9} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.
 {¶ 10} "(2) The sentence is contrary to law.
 {¶ 11} "(3) The sentence is a modification under section 2929.20
of the Revised Code of a sentence that was imposed for a felony of the first or second degree."
 {¶ 12} In sum, under R.C. 2945.67(A), the state has an appeal as of right only when the trial court: (1) grants a motion to dismiss; (2) grants a motion to suppress evidence; (3) grants a motion to return seized property; or (4) grants post-conviction relief. The judgment appealed from does none of these things. R.C. 2953.08(B) grants the state an additional appeal as of right for felony sentencing when: (1) the trial court does not impose a prison term and a presumption favoring a prison term exists; (2) the sentence is "contrary to law"; and (3) the sentence for a first or second degree felony is modified. Since appellant has not appealed the trial court's decision not to impose a prison term, and since the offenses were not first or second degree felonies, R.C.2953.08(B)(1) and (3) do not apply. Therefore, the issue we are left with is whether R.C. 2953.08(B)(2) (sentence contrary to law) applies. If it does, appellant may appeal as of right; if it does not, appellant may only appeal with leave of court, which it has not sought.
 {¶ 13} The clear language of R.C. 2953.08(B) makes clear that, at least in subsections (1) and (2), the section applies only to sentences, not to modifications of sentences. Subsection (3) is the only subsection that applies to modifications, but it does not apply here because appellee did not plead to a first or second degree felony. The canon of statutory construction known as expressio unius est exclusio alterius (the expression of one thing implies the exclusion of other things not expressly mentioned) is instructive here. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 35 (Grady, J., dissenting). The legislature included in R.C. 2953.08(B) a list of three things that would entitle the state to an appeal as of right. The fact that it specifically mentioned sentence modifications (3) but not in (1) and (2) suggests that the legislature did not intend for (1) and (2) to apply to modifications. We therefore hold that R.C. 2953.08(B)(2) does not give appellant an appeal as of right, and the appeal is dismissed.
 {¶ 14} We note, however, that the state's time to file a motion for leave to appeal from the April 29, 2003 decision has not yet begun to run. In Atkinson v. Ohio Grumman Corp. (1988), 37 Ohio St.3d 80, the court held that the time to file an appeal had not begun to run where the appellant had never been served with notice of the final judgment of the trial court pursuant to Civ.R. 58(B). This rule also applies to final judgments in criminal proceedings which take place after the defendant is sentenced. See State v. Lawhorn (Apr. 10, 1997), Cuyahoga App. No. 71166, appeal dismissed (1997), 79 Ohio St.3d 1458. See, also, UpperSandusky v. Lambert, Third Dist. No. 16-01-18, 2002-Ohio-5139, at ¶ 8, appeal denied (2003), 98 Ohio St.3d 1477. ("[T]he rule or law is that this notification by mail applies only to final appealable judgments or orders to ensure that a party suffers no prejudice by a final judgment of which he was unaware"); State v. Jackson (June 22, 1995), Cuyahoga App. Nos. 67025, 67876, 68085, appeal dismissed (1995),74 Ohio St.3d 1462, certiorari denied (1996), 517 U.S. 1214.
 {¶ 15} We find that the state may file a motion for leave to appeal from the trial court's April 29, 2003 decision at any time within 30 days from the date it is served with notice of the decision by the Clerk of Courts for Lucas County.
 {¶ 16} Upon due consideration, the appeal is dismissed for lack of jurisdiction. Appellant is ordered to pay the court costs of this appeal.
 APPEAL DISMISSED. Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Judith AnnLanzinger, J., CONCUR.