OPINION *Page 2 
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Richland County Court of Common Pleas, which removed Defendant-Appellee Kenneth Crawford from further post-release control obligations. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 4, 1999, in case number 1999-CR-423H, Appellee Crawford entered guilty pleas to an amended count of robbery, three counts of failure to comply with the order or signal of a police officer, and one count of possession of crack cocaine.
 {¶ 3} On December 22, 1999, in case number 1999-CR-526H, Appellee Crawford entered a guilty plea to one count of trafficking in cocaine.
 {¶ 4} Appellee was thereafter sentenced as follows: An aggregate prison term of five years was ordered in 1999-CR-423H, and a prison term of one year was ordered in 1999-CR-526H. The sentences were ordered to run consecutively to each other. The sentencing entries did not contain any notification of post-release control obligations.
 {¶ 5} On August 24, 2000, appellee was granted judicial release regarding the above sentences. The trial court further ordered three years of community control, and mandated that appellee was to complete an offender program through the Licking-Muskingum Community Corrections Center. However, appellee violated the terms of his community control and was returned to prison on October 27, 2000.
 {¶ 6} On January 30, 2001, the trial court granted appellee judicial release for the second time. At that time, the court placed appellee on four years of community control. *Page 3 
 {¶ 7} Appellee thereafter admitted to additional community control violations. On March 7, 2003, the trial court re-imposed the remainder of appellee's five-year prison sentence. In that entry, the court notified appellee that he would be subject to up to five years of post-release control following his release from prison, and further advised appellee of the consequences of a violation of his post-release control.
 {¶ 8} On December 28, 2006, in apparent reference to the Ohio Supreme Court's decision in Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, the trial court sua sponte issued a judgment entry removing appellee from post-release control. Said judgment entry reads as follows:
 {¶ 9} "Mr. Crawford was convicted and sentenced by this Court before the Ohio Supreme Court interpreted the law to require the sentencing judge to advise criminal defendants of the exact amount of time they would be subject to post release control. Mr. Crawford was not informed at the time of his sentence specifically that he would be subject to post release control and therefore having completed his sentence, he is not subject to further post release control. SO ORDERED."
 {¶ 10} Judgment Entry, December 28, 2006, at 1.
 {¶ 11} The State of Ohio filed a notice of appeal on January 25, 2007, and herein raises the following sole Assignment of Error:
 {¶ 12} "I. THE TRIAL COURT ERRED IN REMOVING THE DEFENDANT-APPELLEE FROM MANDATORY POST-RELEASE CONTROL."
 I. {¶ 13} In its sole Assignment of Error, the State of Ohio argues the trial court erred in removing Appellee Crawford from post-release control ("PRC"). *Page 4 
 {¶ 14} As an initial matter, we must sua sponte address the issue of this Court's jurisdiction to hear the present appeal. It is well-established that the State may appeal in a criminal case only when a statute gives it express authority to do so. See State v.Hensley, Montgomery App. No. 18886, 2002-Ohio-1887, citing Ohio Constitution, Article IV, Section 3(B)(2); State ex rel Leis v.Kraft (1984), 10 Ohio St.3d 34, 460 N.E.2d 1372; State v. Rogers (1996),110 Ohio App.3d 106, 673 N.E.2d 666.
 {¶ 15} The general authority for the State to appeal is outlined as follows in R.C. 2945.67(A):
 {¶ 16} "A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21
to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony."
 {¶ 17} Clearly, the trial court's sua sponte modification and removal of appellee's PRC obligation in the case sub judice does not fall under any of the "appeal as a matter *Page 5 
of right" categories for the State in the first portion of R.C.2945.67(A), i.e., dismissal of an indictment/complaint, granting of a suppression motion, a return of seized property, or post conviction relief.
 {¶ 18} We thus turn to the right of a prosecuting attorney to appeal sentencing issues on behalf of the State as set forth in R.C.2953.08(B):
 {¶ 19} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 20} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.
 {¶ 21} (2) The sentence is contrary to law.
 {¶ 22} (3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree."
 {¶ 23} Turning to the procedural circumstances of the case sub judice, we first find that R.C. 2953.08(B)(1) is inapplicable, as the imposition of a prison term is not at issue.
 {¶ 24} In regard to R.C. 2953.08(B)(2), the Ohio Supreme Court recently concluded that this subsection "* * * does not refer to themodification of a sentence; *Page 6 
rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a sentence imposed on a defendant on the grounds that `[t]he sentence is contrary to law.' Thus, it does not apply to a modification of a sentence that is allegedly contrary to law." State v.Cunningham, 113 Ohio St.3d 108, 112, 863 N.E.2d 120, 2007-Ohio-1245, citing State v. Raitz, Lucas App. No. L-03-1118, 2003-Ohio-5687, ¶ 13
(emphasis in original).
 {¶ 25} Finally, R.C. 2953.08(B)(3), while at least authorizing the State to appeal some sentence modifications, is limited to appeals where the challenge is to "a modification under section 2929.20 of the RevisedCode of a sentence that was imposed for a felony of the first or second degree." (Emphasis added). We note R.C. 2929.20 is the statutory provision for judicial release of prisoners. Thus, although one of the counts in the case sub judice was indeed a felony of the second degree, the trial court's removal of appellee's PRC obligation on December 28, 2006 clearly was not accomplished as a judicial release under R.C.2929.20.
 {¶ 26} Therefore, because we are unable to find a basis for appeal as a matter of right by the State under R.C. 2945.67(A) and R.C.2953.08(B), and because the State has not in the alternative sought leave to appeal in this case pursuant to R.C. 2945.67(A) and App.R. 5(C), we are without jurisdiction to address the merits of the State's sole Assignment of Error. *Page 7 
 {¶ 27} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby dismissed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby dismissed.
 Costs to Appellant State of Ohio. *Page 1