JOURNAL ENTRY AND OPINION
{¶ 1} The state of Ohio (the state) appeals from the trial court's decision granting defendant-appellee Liberty Fox's (appellee) motion for judicial release. After reviewing the facts of the case and pertinent law, we dismiss for lack of a final appealable order.
 I. {¶ 2} On June 29, 2005, appellee was sentenced to an aggregate of one year in prison, after pleading guilty to aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), and operating a motor vehicle while under the influence, in violation of R.C. 4511.19. On October 24, 2005, appellee filed a motion for judicial release pursuant to R.C. 2929.20, which the court denied on December 12, 2005. On January 8, 2006, appellee filed a second motion for judicial release, which the court granted on February 2, 2006. It is from this order that the state appeals.
 II. {¶ 3} In the state's sole assignment of error, it argues that "the trial court erred by granting appellee's motion for judicial release." Specifically, the state argues that the court erred in granting appellee's motion for judicial release before he served his mandatory prison sentence. Further statutory analysis is required to fully explain the state's argument.
 {¶ 4} Appellee pled guilty to a third-degree felony, which, pursuant to R.C. 2929.14(A)(3), carries a term of imprisonment between one and five years. *Page 4 
Furthermore, R.C. 2903.08(D) states that the court shall impose a mandatory prison term for violators of R.C. 2903.08 (A)(1), which is the aggravated vehicular assault to which appellee pled guilty. Finally, R.C. 2929.20(A)(2) states that a prisoner is eligible for judicial release when his or her sentence is ten years or less, and the "stated prison term includes a mandatory prison term, and the person has served the mandatory prison term."
 {¶ 5} The court granted judicial release in the instant case approximately seven months into a mandatory one-year prison term, and the state argues that the court's action was contrary to law under the above analysis.
 {¶ 6} However, subsequent to the state filing the instant appeal, the Ohio Supreme Court decided State v. Cunningham, 113 Ohio St.3d 108,2007-Ohio-1245, which holds that "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." InCunningham, the court granted the defendant's motion for judicial release after she served a portion of her sentence involving a fifth-degree felony. The state appealed the court's action, arguing that the defendant's motion was not timely filed. We dismissed the case for lack of a final appealable order, holding that an appellate court did not have jurisdiction to hear appeals involving the granting of judicial release for third-, fourth-, or fifth-degree felonies under the current statutory scheme. State v. Cunningham, Cuyahoga App. No. 85342,2005-Ohio-3840. While the facts between Cunningham and the instant case *Page 5 
differ slightly, we find Cunningham's holding to be controlling. Accordingly, as we are without jurisdiction to hear the case at hand, the state's appeal is dismissed.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS;
MELODY J. STEWART, J., DISSENTS WITH SEPARATE OPINION