JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Griffin ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} This appeal involves a judicial release hearing for a defendant who fractured his five-month-old son's skull. Appellant was indicted by the Grand Jury for one count of felonious assault in violation of R.C.2903.11, and four counts of endangering children in violation of R.C.2919.22, felonies of the second and third degrees, respectively.
 {¶ 3} On June 21, 2005, appellant entered a guilty plea to felonious assault. All remaining counts were nolled. Additionally, in CR-460751, appellant entered a guilty plea to drug trafficking, a felony of the third degree. On August 3, 2005, the trial court sentenced appellant to a prison term of three years for the felonious assault conviction and a concurrent prison term of one year for the drug trafficking conviction.
 {¶ 4} On March 10, 2006, appellant filed a motion for judicial release in both cases. On April 10, 2006, appellee filed a brief in opposition to appellant's motion for judicial release in both cases. On December 5, 2006, the trial court conducted a hearing on appellant's motion for judicial release. However, appellee was not notified of the hearing or the hearing date. Therefore, no representative of the state *Page 3 
or the victim was present at the December 5, 2006 hearing. Consequently, the trial court granted appellant's motion and released him.
 {¶ 5} On December 6, 2006, the victim's mother notified the state by phone that appellant had been released from prison. The state filed a motion for reconsideration of the court's order granting judicial release. The trial court held a second hearing on the next day, December 7, 2006. The trial court acknowledged that the state and the victim were not notified about the December 5, 2006 hearing. The trial court vacated its earlier December 5, 2006 order granting appellant's judicial release and ordered appellant to complete his prison term.
 {¶ 6} On January 9, 2007, appellant filed a notice of appeal from the trial court's order and a motion to set appeal bond and suspend execution of sentence during the pendency of appellate proceedings. On January 11, 2007, the state filed its brief in opposition to appellant's motion. On January 12, 2007, the trial court denied appellant's motion to set appeal bond and suspend execution of sentence during appellate proceedings.
 {¶ 7} Because the trial court denied appellant's motion for bond, appellant filed a motion to set appeal bond and suspend execution of sentence during appellate proceedings on January 23, 2007. On February 6, 2007, appellee filed its memorandum in opposition to appellant's motion to set appeal bond and suspend execution of sentence during the pendency of appellate proceedings. On February *Page 4 
28, 2007, this court denied appellant's motion to set appeal bond and suspend execution of sentence, and ordered that this case be set for hearing at the earliest feasible date. On April 11, 2007, appellant filed his brief.
 II. {¶ 8} Assignment of error: "The trial court erred in granting a motion for reconsideration."
 III. {¶ 9} Appellant argues in his assignment of error that the lower court erred in granting appellee's motion for reconsideration. We do not find merit in appellant's argument. Appellant cited cases involving the reconsideration of valid final judgments. However, the trial court's initial December 5, 2006 decision granting judicial release was not a valid final judgment. The trial court's initial December 5, 2006 hearing did not comply with R.C. 2929.20(D) and (G) and was, therefore,void. There was simply nothing to reconsider; the first hearing is treated as if it never took place. However, the second hearing, held on December 7, 2006, did comply with the statutory requirements.
 {¶ 10} R.C. 2929.20(D) requires the following:
 "(D) If a court schedules a hearing under division (C) of this section, the court shall notify the eligible offender of the hearing and shall notify the head of the state correctional institution in which the eligible offender is confined of the hearing prior to the hearing. The head of the state correctional institution immediately shall notify the appropriate person at the department of rehabilitation and correction of the hearing, and the *Page 5 
department within twenty-four hours after receipt of the notice, shall post on the database it maintains pursuant to section 5120.66 of the Revised Code the offender's name and all of the information specified in division (A)(1)(c)(i) of that section. If the court schedules a hearing for judicial release, the court promptly shall give notice of the hearing to the prosecuting attorney of the county in which the eligible offender was indicted. Upon receipt of the notice from the court, the prosecuting attorney shall notify the victim of the offense for which the stated prison term was imposed or the victim's representative, pursuant to section 2930.16 of the Revised Code, of the hearing." (Emphasis added.)
 {¶ 11} R.C. 2929.20(G) also requires the following:
 "(G) At the hearing on a motion for judicial release under this section, the court shall afford the eligible offender and the eligible offender's attorney an opportunity to present written information relevant to the motion and shall afford the eligible offender, if present, and the eligible offender's attorney an opportunity to present oral information relevant to the motion. The court shall afford a similar opportunity to the prosecuting attorney, the victim or the victim's representative, as defined in section 2930.01 of the Revised Code, and any other person the court determines is likely to present additional relevant information. The court shall consider any statement of a victim made pursuant to section 2930.14 or 2930.17 of the Revised Code, any victim impact statement prepared pursuant to section 2947.051 [2947.05.1] of the Revised Code, and any report made under division (E) of this section. The court may consider any written statement of any person submitted to the court pursuant to division (J) of this section. After ruling on the motion, the court shall notify the victim of the ruling in accordance with sections 2930.03 and 2930.16 of the Revised Code." (Emphasis added.)
 {¶ 12} Once a court chooses to grant a hearing on a motion for supervised release, it must abide by the statutory requirements for the conduct of the hearing contained in R.C. 2929.20(D) and (E). State v.Anderson (Oct. 6, 2000), Ashtabula App. No. 98-A-0110. *Page 6 
 {¶ 13} In the case sub judice, the lower court failed to comply with the mandatory notice and hearing requirements of R.C. 2929.20(D) and (G). Accordingly, the lower court's December 5, 2006 order granting appellant's motion for judicial release was void. The record demonstrates that neither the prosecutor nor the victim were present at the December 5th hearing. It is undisputed that the prosecutor was not given notice of the December 5th
hearing and was not able to notify the victim.[1]
 {¶ 14} The lower court stated that the hearing was held "pursuant to a motion filed by the state entitled, under case 464160, State of Ohio's motion for reconsideration of court order granting judicial release."[2]
 {¶ 15} However, the December 7, 2006 hearing was actually a hearing "asking the court vacate its [void] order of December 5th
and permit the state to appear at a motion for judicial release
hearing."[3] Although the prosecution may have presented its motion as a motion for reconsideration, it was a judicial release hearing.
 {¶ 16} The Ohio Rules of Civil Procedure limit relief from judgments to motions expressly provided for within the same rules. Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, 380, 21 Ohio Op.3d 238, 423
N.E.2d 1105. The rules allow for *Page 7 
relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment). Id. The rules do not, however, prescribe motions for reconsideration after a final judgment in the trial court. Id. at paragraph one of the syllabus.
Accordingly, motions for reconsideration of a final judgment in the trial court are a nullity. Id. at 380.
 {¶ 17} There is no such thing as a motion for reconsideration in the trial court. Appellee incorrectly captioned its motion as a motion for reconsideration. A review of the evidence demonstrates that the R.C.2929.20 requirements were not met and the first hearing was void. Accordingly, there was nothing to reconsider. The second hearing was simply a hearing for judicial release and not a "reconsideration" hearing.
 {¶ 18} Appellant's assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
JAMES J. SWEENEY, P.J., CONCURS; MELODY J. STEWART, J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] Tr. at 35.
[2] Tr. at 32.
[3] Tr. at 33, emphasis added.