The STATE of Ohio, Appellant,

v.

SPARKS, Appellee.

[Cite as *State v. Sparks,* 178 Ohio App.3d 272, 2008-Ohio-4664.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 08CA3217.

Decided Sept. 8, 2008.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel and Chadwick K. Sayre, Assistant Prosecuting Attorneys, for appellant.

Richard N. Nash Jr., for appellee.

ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that modified the sentence of Ty A. Sparks, defendant below and appellee herein, and granted him judicial release.

{¶ 2} The state of Ohio, plaintiff below and appellant herein, raises the following assignment of error for review:

The trial court erred when it modified appellee's sentence.

{¶ 3} On May 26, 2000, appellee entered guilty pleas to six counts of burglary in violation of R.C. 2911.12(A)(3), all third-degree felonies. The trial court sentenced appellant to serve four years on each count, with two counts to run concurrently to each other, but the sets of two counts to run consecutively to each other, for a total prison term of 12 years.

{¶ 4} Appellee filed several motions for judicial release and motions to suspend further execution of his sentence, and the trial court denied all of them, except the most recent motion.[1] On January 31, 2008, the court modified appellee's sentence and granted him judicial release. The court vacated two of the four-year sentences that it had previously imposed, and instead placed appellee on community control. Appellant now appeals the trial court's decision.

{¶ 5} Initially, appellee asserts that R.C. 2953.08 does not authorize the state to appeal the trial court's sentence modification and judicial release. We agree. "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." *State v. Cunningham,* 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, paragraph one of the syllabus. In *Cunningham,* the trial court granted the defendant's motion for judicial release after she served a portion of her sentence for a fifth-degree felony. The state appealed and argued that the defendant had not timely filed her motion. The appellate court dismissed the case and determined that an appellate court does not have jurisdiction to hear appeals involving the granting of judicial release for third, fourth, or fifth degree felonies under R.C. 2953.08(B). On appeal, the Ohio Supreme Court agreed:

The right of a prosecuting attorney to appeal a sentence is provided by R.C. 2953.08(B):

"(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

" * * *

"(2) The sentence is contrary to law.

"(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree."

---

1. The parties assert that the trial court granted the motion immediately before the one involved in the case at bar, but we find no journal entry to that effect.

R.C. 2953.08(B)(3) grants the state a right to appeal if a court modifies a sentence imposed for a felony of the first or second degree. Cunningham's conviction here, however, is for theft, a felony of the fifth degree.

The prosecuting attorney contends that R.C. 2953.08(B)(2) authorizes an appeal from modification of any sentence that is contrary to law, and urges that the modification of sentence granting judicial release to Cunningham violated R.C. 2929.20(B)(1)(a) because Cunningham did not file her motion seeking judicial release in a timely manner; in addition, the prosecutor argues that the court had no authority to reinstate Cunningham's withdrawn motion for judicial release and, therefore, that the court acted contrary to law in granting judicial release.

Cunningham claims that R.C. 2953.08(B)(3) precludes appellate review of any sentence modification involving any third-, fourth-, or fifth-degree felony. Thus, we are confronted with a question of statutory interpretation concerning whether R.C. 2953.08(B)(2) authorizes the prosecuting attorney to appeal as contrary to law the modification of a criminal sentence granting judicial release for a felony of the third, fourth, or fifth degree, or whether R.C. 2953.08(B)(3) precludes the prosecuting attorney from doing so because it expressly grants the right to appeal only the modification of sentences imposed for felonies of the first or second degree.

*Cunningham,* at ¶ 6–13.

{¶ 6} Thus, the court rejected the state's argument that R.C. 2953.08(B)(2) granted it the right to appeal a sentence modification that is contrary to law. The court stated: "A careful examination of R.C. 2953.08(B)(2), however, reveals that it does not refer to the modification of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a sentence imposed on a defendant on the grounds that '[t]he sentence is contrary to law.' Thus, it does not apply to a modification of a sentence that is allegedly contrary to law. See *State v. Raitz,* 6th Dist. No. L–03–1118, 2003-Ohio-5687, 2003 WL 22417222, ¶ 13." Id. at ¶ 22.

{¶ 7} In the case at bar, we believe that Cunningham is controlling and requires us to dismiss the appeal. Appellant is attempting to appeal the trial court's decision to modify appellee's sentence and grant judicial release for third-degree felonies. Appellant asserts that the trial court's decision is contrary to law. As Cunningham states, however, R.C. 2953.08(B) does not authorize the state to appeal a sentence modification claimed to be contrary to law or a sentence modification under R.C. 2929.20 for a third-, fourth-, or fifth-degree felony. See also *State v. Fox,* Cuyahoga App. No. 87821, 2007-Ohio-3893, 2007 WL 2206793. Accordingly, we must dismiss the state's appeal.

Appeal dismissed.

HARSHA, J., concurs in judgment only.

KLINE, J., dissents.

HARSHA, Judge, concurring in judgment only.

{¶ 8} I agree with the principal opinion's conclusion that this court lacks jurisdiction to consider the state's appeal, which challenges the trial court's decision to grant Sparks judicial release. Although R.C. 2929.20 makes it clear that Sparks is not an offender eligible for judicial release, R.C. 2953.08(B) does not permit the state to appeal the trial court's decision to grant judicial release to an offender convicted of a third-, fourth-, or fifth-degree felony. *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, paragraph one of the syllabus.

{¶ 9} However, *Cunningham* does not completely resolve the issue raised by the dissent: whether the trial court had subject-matter jurisdiction to order Sparks judicially released when he was not an "eligible offender" as defined by R.C. 2929.20(A). The Supreme Court of Ohio has explained that the term "jurisdiction" refers to " 'the courts' statutory or constitutional power to adjudicate the case.' " *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210. In *Pratts*, the court clarified the distinction between the court's subject-matter jurisdiction and the court's exercise of that jurisdiction in a particular case. Subject-matter jurisdiction refers to the power of a court to adjudicate the merits of a case and is a " 'condition precedent to the court's ability to hear a case. If a court acts without jurisdiction, then any proclamation by the court is void.' " *Pratts* at ¶ 11, quoting *State ex. rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. A void judgment or sentence—"one that a court imposes despite lacking subject-matter jurisdiction or the authority to act"—may be challenged at any time, directly or collaterally. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 27; *Pratts* at ¶ 11.

{¶ 10} However, " '[o]nce a tribunal has jurisdiction over both the subject matter of an action and the parties to it, " * * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *." ' " *Pratts* at ¶ 12, quoting *State ex rel. Pizza v. Rayford* (1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499, 1854 WL 42. An error in the exercise of jurisdiction renders a resulting judgment or sentence voidable on direct appeal, not void. *Payne* at ¶ 27 ("[A] voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneous-

ly"); *Pratts* at ¶ 12 ("It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable").

{¶ 11} I conclude that the court of common pleas had subject-matter jurisdiction over Sparks's motion for judicial release. Subject-matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case. *Althof v. State Bd. of Psychology*, Gallia App. No. 04CA16, 2006-Ohio-502, 2006 WL 279229, at ¶ 7. The court of common pleas has original jurisdiction over crimes and offenses committed by an adult, with certain exceptions not relevant here. Section 4(B), Article IV, Ohio Constitution; R.C. 2931.03; *Pratts* at ¶ 13. Thus, the court of common pleas is the court with jurisdiction over the class of cases involved here—those related to criminal offenses and the sentencing of an adult. Furthermore, the court of common pleas is the proper forum for an offender to bring a motion for judicial release. R.C. 2929.20(B) provides that the "sentencing court" may reduce the stated term of an eligible offender by granting judicial release. Accordingly, the court of common pleas is the proper forum and has jurisdiction over Sparks's motion because it has " ' "the power or competence to decide the kind of controversy that is involved." ' " *Portman v. Mabe*, Van Wert App. No. 15–07–12, 2008-Ohio-3508, 2008 WL 2718506, at ¶ 11, quoting *McBride v. Coble Express, Inc.* (1993), 92 Ohio App.3d 505, 636 N.E.2d 356, quoting Friedenthal, Kane & Miller, Civil Procedure (1985) 9–10, Section 2.2.

{¶ 12} I acknowledge that there is case law from Ohio appellate courts suggesting that the court of common pleas lacks subject-matter jurisdiction to modify an executed sentence by ordering judicial release for a defendant who is not an "eligible offender" as defined by R.C. 2929.20(A) or where there are other procedural irregularities. See, e.g., *State v. Griffin*, Cuyahoga App. No. 89274, 2007-Ohio-5725, 2007 WL 3105581, at ¶ 9 (holding that the trial court's failure to comply with the notice requirements of R.C. 2929.20(D) and (G) rendered the order granting the defendant judicial release void); *State v. Hoy*, Union App. Nos. 14–04–13 and 14–04–14, 2005-Ohio-1093, 2005 WL 579119, at ¶ 46 (holding that the trial court lacked jurisdiction to modify the sentence of an ineligible offender); *State v. Clark*, Cuyahoga App. No. 82519, 2003-Ohio-3969, 2003 WL 21715019, at ¶ 20–23 (holding that the trial court's limited jurisdiction to modify a sentence through R.C. 2929.20 did not apply to an ineligible offender). Those cases rely on the principle that the trial court lacks jurisdiction to modify an executed sentence. However, I believe that these cases have confused the trial court's subject-matter jurisdiction with the trial court's "jurisdiction over the particular case."

{¶ 13} " 'Jurisdiction over the particular case,' as the term implies, involves ' "the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." ' " *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, at ¶ 12, quoting *Pratts,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 12, quoting *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. When the trial court exceeds its legal authority to determine a particular case, that error relates only to the exercise of the court's subject-matter jurisdiction. These errors are subject to reversal on direct appeal, but they do not provide avenues to attack a judgment collaterally. *Pratts* at ¶ 12.

{¶ 14} For instance, in *Pratts,* the defendant pleaded guilty to aggravated murder with death-penalty and firearm specifications. He agreed to submit his plea to a single judge rather than to the three-judge panel mandated by statute. The Supreme Court of Ohio held that the court of common pleas lacked the legal authority to sentence the defendant under these circumstances. However, while the court of common pleas exceeded its jurisdiction over the particular case, the Supreme Court held that the failure to convene a three-judge panel did not divest the trial court of subject-matter jurisdiction. Instead, it represented an error in the exercise of the trial court's subject-matter jurisdiction that was, therefore, voidable on direct appeal but not subject to a collateral attack.

{¶ 15} Similarly, the fact that R.C. 2929.20(B) applies only to "eligible offenders" as defined by the statute does not divest the trial court of subject-matter jurisdiction over those motions by ineligible offenders. The court of common pleas lacks legal authority to grant judicial release to an ineligible offender. However, once subject-matter jurisdiction has been conferred on the court, it remains unless expressly revoked, and any subsequent error on the proceedings is only an error in the "exercise of its jurisdiction." *Pratts* at ¶ 12. The fact that the trial court exceeded its legal authority in this case therefore relates to the "exercise of its jurisdiction" and does not render its judgment void—otherwise, any error would deprive the court of subject-matter jurisdiction and subject a judgment to collateral attack because the court has technically exceeded its legal authority. Experience and case law shows this not to be the case. See *Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 19 (holding that trial court's engaging in judicial fact-finding in violation of the Sixth Amendment did not divest the trial court of subject-matter jurisdiction); *In re Young Children* (1996) 76 Ohio St.3d 632, 637, 669 N.E.2d 1140, syllabus, (holding that "[t]he passing of the statutory time period ('sunset date') pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders," notwithstanding mandatory language in the statute that the trial court must dismiss the case); *State v. Smith*, Franklin App. No. 06AP–1059, 2007-Ohio-2873, 2007 WL 1674086, at ¶ 15 (holding that notwithstanding the statutory require-

ment that an applicant for expungement be a first offender, the subsequent finding that he is not a first offender does not divest the court of subject-matter jurisdiction so the expungement order is void ab initio).

{¶ 16} Although the trial court clearly erred in the exercise of its jurisdiction by granting judicial release to an ineligible offender, that error rendered the resulting judgment voidable, not void. Thus, the state's remedy is to attack the judgment through a direct appeal. However, R.C. 2953.08(B) does not permit the state to appeal the trial court's decision to grant judicial release to an offender convicted of a third-, fourth-, or fifth-degree felony. Because the state does not have a substantial right to appeal in this special statutory proceeding, there is no appealable order, and we lack jurisdiction to consider a direct appeal in this case. Thus, I concur in the judgment of the principal opinion.

KLINE, Judge, dissenting.

{¶ 17} I respectfully dissent.

{¶ 18} Pursuant to R.C. 2953.08, I agree with the majority that the state is not permitted to appeal judicial modification of a sentence when the underlying felony is a fifth, fourth, or third degree. *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, interpreting R.C. 2953.08(B)(3). I further agree with the majority that the state generally is not permitted to appeal a judicial modification of a sentence on the grounds that it is contrary to law. Id. However, unlike the majority, I interpret *Cunningham* to allow an appeal by the state when it challenges the jurisdiction of the trial court.

{¶ 19} In *Cunningham,* the defendant committed a fourth-degree felony theft. After finding that R.C. 2953.08(B)(3) did not allow the state to appeal, the *Cunningham* court addressed the state's jurisdiction argument. The state contended that the trial court lacked jurisdiction to modify the defendant's original sentence because the defendant did not timely file his motion under the judicial-release statute. The *Cunningham* court found that the trial court did have jurisdiction because the defendant timely filed his motion.

{¶ 20} Here, unlike *Cunningham,* the trial court did not have jurisdiction to modify the original sentence because the defendant is not an "eligible offender" under the judicial-release statute. The trial court originally imposed a total sentence of 12 years, which makes the defendant ineligible for judicial release. See R.C. 2929.20(A).

{¶ 21} Further, once a trial court imposes a sentence, it lacks the inherent authority to modify that sentence. See, e.g., *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335. Consequently, a trial court can modify a sentence only as authorized by statute. *Cunningham,* supra, at ¶ 23.

{¶ 22} Therefore, because the trial court lacked statutory and inherent authority to make the modification, the modified sentence is invalid. *State v. Moore*, Highland App. No. 03CA18, 2004-Ohio-3977, 2004 WL 1689674. See also *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560; *State v. Clark*, Cuyahoga App. No. 82519, 2003-Ohio-3969, 2003 WL 21715019.

{¶ 23} Accordingly, I dissent.