[Cite as *State v. Davis*, 2018-Ohio-4095.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2018-0024 |
| STEPHANIE L. DAVIS | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Common Pleas Court, Case No. CR2016-0324 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | October 9, 2018 |
| APPEARANCES: | |

For Plaintiff-Appellant

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

BY: GERALD V. ANDERSON, II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellee

JAMES A. ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant the state of Ohio appeals the April 3, 2018 Entry entered by the Muskingum County Court of Common Pleas, which granted judicial release to defendant-appellee Stephanie Davis.

STATEMENT OF THE CASE[1]

**{¶2}** Appellee was convicted of two counts of possession of drugs, both felonies of the fifth degree; two counts of possession of drug paraphernalia, both misdemeanors of the fourth degree; one count of possession of drugs with a prior offense, a felony of the fifth degree; and one count of tampering with evidence, a felony of the third degree. On January 10, 2017, the trial court sentenced Appellee to a two year period of community control with an alternative prison sentence of six years.

**{¶3}** On February 9, 2017, the state filed a motion to revoke Appellee's community control after she was charged with domestic violence. The trial court conducted a hearing on February 27, 2017, at which time Appellee entered a plea of guilty to the community control violation. Via Entry filed March 2, 2017, the trial court revoked Appellee's community control and imposed an aggregate prison term of six years.

**{¶4}** After Appellee had served approximately one year of her sentence, the trial court issued a warrant for removal, ordering the sheriff to transport her to court for a judicial release hearing on April 2, 2018. At the hearing, the state objected, arguing Appellee was not eligible for judicial release until "not earlier than five years" after she was delivered to prison pursuant to R.C. 2929.20(C)(4). The trial court disagreed, finding

---

[1] A Statement of the Facts is not necessary for our disposition of this Appeal.

she was eligible as she was not subject to a mandatory prison sentence, and granted judicial release.  The trial court placed Appellee on community control for a period of two years.  The trial court memorialized its decision via Entry filed April 3, 2018.

{¶5}    It is from this entry the state appeals, raising as its sole assignment of error:


I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD A HEARING AND GRANTED JUDICIAL RELEASE CONTRARY TO LAW AND WITHOUT JURISDICTION OR AUTHORITY OVER THE PROCEEDINGS.

I.

{¶6}    The state asserts the trial court's decision to grant Appellee judicial release was contrary to law because she was not eligible pursuant to R.C. 2929.20(C)(4). Appellee submits, because R.C. 2953.08(B)(3) only grants the state a right to appeal if a court modifies a sentence imposed for a first or second degree felony and she was convicted of third and fifth degree felonies, the state does not have the right to appeal the trial court's sentence modification and judicial release.

{¶7}    The right of a prosecuting attorney to appeal a sentence is provided by R.C. 2953.08(B):


(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3)

of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

\* \* \*

(2) The sentence is contrary to law.

(3) The sentence is a modification under section 2929.02 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

{¶8} The Ohio Supreme Court addressed the scope of the state's right to appeal a sentence modification based on judicial release in *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120. In *Cunningham*, the defendant was sentenced to community control after pleading guilty to a felony of the fifth degree. *Id.* at ¶2. After the defendant violated the terms of her community control, the trial court imposed a one-year term of incarceration. *Id.* Two months later, the defendant moved for judicial release under R.C. 2929.20, but withdrew the motion before the trial court ruled on it. *Id.* at ¶3. The defendant filed a second motion for judicial release, moving the trial court to "reinstate" her first motion for judicial release. *Id.* The second motion was untimely filed. The trial court granted that motion and modified the defendant's sentence of incarceration to a four-year period of community control. *Id.* The state appealed, arguing the trial court acted contrary to law in granting judicial release because the court had no authority to reinstate the defendant's withdrawn motion for judicial release. *Id.*

{¶9} Prior to oral argument, the appellate court, sua sponte, raised the issue of whether the trial court's order modifying the sentence constituted a final, appealable

order. *Id.* at ¶4.  In a split decision, the appellate court dismissed the state's appeal, holding that granting judicial release for third, fourth, or fifth-degree felonies was not a final, appealable order; therefore, R.C. 2953.08(B) did not grant the state the right to appeal. *Id.*  The state appealed to the Ohio Supreme Court, arguing R.C. 2953.08(B)(2) authorizes an appeal from modification of any sentence that is contrary to law, and the modification of sentence granting judicial release to Cunningham violated R.C. 2929.20(B)(1)(a) because Cunningham did not file her motion seeking judicial release in a timely manner. *Id.* at ¶5.

{¶10} The *Cunningham* Court held "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." *Id.* at ¶28. The Supreme Court also rejected the state's argument it had the "right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law." The Supreme Court found R.C. 2953.08(B)(2) does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds "[t]he sentence is contrary to law." *Id.* at ¶22.  The High Court concluded R.C. 2953.08(B)(2) does not apply to a *modification* of a sentence which is allegedly contrary to law. *Id.* (Citation omitted.) (Emphasis added.)

{¶11} In a case similar to the instant matter, the Fourth District Court of Appeals in *State v.* Sparks, 178 Ohio App.3d 272, 2008-Ohio-4664, found *Cunningham* to be controlling:

[W]e believe that Cunningham is controlling and requires us to

dismiss the appeal. Appellant is attempting to appeal the trial court's decision to modify appellee's sentence and grant judicial release for third-degree felonies. Appellant asserts that the trial court's decision is contrary to law. As Cunningham states, however, R.C. 2953.08(B) does not authorize the state to appeal a sentence modification claimed to be contrary to law or a sentence modification under R.C. 2929.20 for a third-, fourth-, or fifth-degree felony. See also *State v. Fox,* Cuyahoga App. No. 87821, 2007-Ohio-3893, 2007 WL 2206793. Accordingly, we must dismiss the state's appeal. *State v.* Sparks, 178 Ohio App.3d 272, 2008-Ohio-4664 ¶7. (Italics omitted in original.)

**{¶12}** We agree and find *Cunningham* applicable; therefore, we must dismiss the state's appeal. As Judge Harsha explained in his concurring opinion in *Sparks*:

Although the trial court clearly erred in the exercise of its jurisdiction by granting judicial release to an ineligible offender, that error rendered the resulting judgment voidable, not void. Thus, the state's remedy is to attack the judgment through a direct appeal. However, R.C. 2953.08(B) does not permit the state to appeal the trial court's decision to grant judicial release to an offender convicted of a third-, fourth-, or fifth-degree felony. Because the state does not have a substantial right to appeal in this special statutory

proceeding, there is no appealable order, and we lack jurisdiction to consider a direct appeal in this case. Thus, I concur in the judgment of the principal opinion.

*Id.* at ¶16.

**{¶13}** Based upon the foregoing, we find the state did not have a right to appeal the trial court's modification of Appellee's sentence. Accordingly, Appellant's assignment of error is overruled and this appeal ordered dismissed.

By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur