[Cite as *State v. Malone*, 2024-Ohio-5561.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2024-0069 |
| LAICEE MALONE | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. CR2023-0501

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     November 25, 2024

APPEARANCES:

For Plaintiff-Appellant     For Defendant-Appellee

RON WELCH
PROSECUTING ATTORNEY
JOSEPH A. PALMER
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Wise, P. J.*

{¶1}     This is a state's appeal from the judgment entry of the Muskingum County Common Pleas Court dated May 20, 2024 modifying the sentence of the appellee-defendant Laicee Malone from six months in prison to credit for time served. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2}     The July, 2023 term of the Muskingum County Grand Jury indicted appellee Laicee Malone on one count of theft of drugs, a violation of R.C. 2913.02(A)(1), 2913.02(B)(6)[F4] and one count of aggravated possession of drugs, a violation of R.C. 2925.11(A), 2925.11(C)(1)(a)[F5]. Indictment Aug. 2, 2023. The drug involved was Dextroamphetamine also known as Adderall.

{¶3}     Malone pleaded not guilty at her arraignment, and the case proceeded to disposition before the Muskingum County Common Pleas Court.

{¶4}     On April 1, 2024, Malone appeared before the trial court and changed her plea from not guilty to guilty of Count I, theft of drugs. The joint recommendation of the state and Malone was that she be sentenced to community control, submit to drug and alcohol evaluation, and complete any recommendations that may be made. The state agreed to dismiss Count II. Tr. Plea at 3. Malone also signed a Crim.R. 11, plea form acknowledging her plea of guilty.

{¶5}     The facts of the guilty plea were adduced by the state:

    [STATE]        Your Honor, between June 4th and June 10th of 2023, the Defendant, Miss Malone, stayed with her cousin at her cousin's house. Her cousin was prescribed Adderall. She hid all of her pills when Miss

Malone was staying there because she was aware of Miss Malone's struggle with pills. When she left, the victim discovered that more of her pills had been taken and the defendant did admit to stealing the pills and apologized. This occurred here in Muskingum County, Ohio. The pills were Adderall. Tr. Plea at 10

{¶6} Malone's plea of guilty was accepted by the trial court and a pre-sentence Investigation was ordered. The trial court also agreed to look into treatment in lieu of conviction. Tr. Plea at 10.

{¶7} On May 15, 2024, Malone returned to the trial court for sentencing.

{¶8} The state reiterated its original joint recommendation of community control.

{¶9} Tr. Sentencing at 3.

{¶10} The trial court sentenced Malone to six months in prison. Later, the trial court stated Malone would serve her six months in jail. Tr. Sentencing at 20, 22. The sentencing entry of the trial court dated May 17, 2024 stated: "a stated prison term of six months." Entry May 17, 2024.

{¶11} On May 20, 2024, the trial court entered the following Journal Entry:

The Court determined there is an error in sentencing. Therefore, the order date of May 17, 2024 is hereby modified as follows:

The defendant is granted credit for time served and released from the Muskingum County Jail.

IT IS SO ORDERED.

{¶12} On June 3, 2024, the state filed a notice of appeal from the May 20, 2024 journal entry of the trial court modifying Malone's sentence. The state's notice of appeal

was not accompanied by a motion for leave to appeal the trial court's ruling. App.R. 5(C) On its docket statement, it alleged an appeal of right and an appeal for review of sentencing pursuant to R.C. 2953.08.

{¶13} The state alleges one assignment of error:

### ASSIGNMENT OF ERROR

{¶14} "I. THE TRIAL COURT LACKS AUTHORITY TO RECONSIDER THEIR OWN VALID FINAL JUDGMENT IN CRIMINAL CASES."

{¶15} As an initial matter, we must sua sponte address the issue of this Court's jurisdiction to hear the present appeal. A state may appeal in a criminal case only when a statute gives it express authority to do so. *State v. Crawford,* 2007-Ohio-3516, ¶ 14 (5th Dist.).

{¶16} In *State v. Steffen,* 2010-Ohio-2430, the Ohio Supreme Court explained:

Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals 'shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district.' (Emphasis added.) We have interpreted this constitutional provision to mean that 'the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute; *Id.* at ¶ 18 citing *State v. Fisher* (1988), 35 Ohio St.3d 22, 24, 517 N.E.2d 911.

{¶17} The state's right to appeal in criminal cases is governed by R.C. 2945.67(A) which states in part:

A prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post-conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision except the final verdict, of the trial court in a criminal case . . .

{¶18} In addition to any right to appeal, a prosecuting attorney may appeal as of right a sentence imposed upon a person who is convicted of or pleads guilty to a felony under R.C. 2953.08.

{¶19} R.C. 2953.08(B) provides:

(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of the section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925 of the Ohio Revised Code.

(2) The sentence is contrary to law.

(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

**{¶20}** In sum, the state has an appeal as of right under R.C. 2945.67(A) when the trial court grants a motion to dismiss, grants a motion to suppress evidence, grants a motion to return seized proper or grants post-conviction relief.

**{¶21}** In this case, the judgment appealed from does none of these things. Here, the state attempts to appeal the modification of the sentence imposed on appellee Malone in the May 20, 2024 journal entry of the trial court.

**{¶22}** R.C. 2953.08(B) grants the state an additional appeal of right for felony sentencing when (1) the trial court does not impose a prison term and a presumption favoring a prison term exists, (2) the sentence is "contrary to law"; and (3) the sentence for a first or second degree felony is a modification.

**{¶23}** Here, Subsections (1) does not apply. A presumption favoring a prison term does not exist here for a fourth degree felony. Subsection (3) is the only subsection that specifically applies to modifications. In this case, subsection (3) does not apply because appellee Malone was convicted of a fourth degree felony, not a first or second degree felony.

**{¶24}** That leaves subsection (2) - contrary to law. The issue, then, is whether R.C. 2953.08(B)(2) [sentence contrary to law] applies. If it does, appellant state may appeal as of right; if it does not, appellant may only appeal with leave of court which it has not sought.

{¶25} In *State v. Raiz,* 2003-Ohio-5687 (6th Dist.), the defendant was convicted of third degree aggravated vehicular assault and fourth degree vehicular assault. The trial court sentenced the defendant to community control with suspension of driver's license. The trial court later modified the sentence to include occupational driving privileges and the state appealed the modification without seeking leave to appeal.

{¶26} The Sixth District Court of Appeals held that the state had no appeal as of right from modification of original sentence. In discussing the application of R.C. 2953.08(B), the court stated:

{¶27} The legislature included in R.C. 2953.08(B) a list of three things that would entitle the state to an appeal as of right. The fact that it specifically mentioned sentence modifications in (3) but not in (1) and (2) suggests that the legislature did not intend for (1) and (2) to apply to modification. We therefore hold that R.C. 2953.08(B)(2) does not give appellant [state] an appeal as of right and the appeal is dismissed. *Id.* at ¶ 13.

{¶28} In *State v. Crawford,* 2007-Ohio-3516 (5th Dist.), the state appealed the decision of the Richland County Court of Common Pleas modifying the defendant's sentence by removing post-release control. The state filed a notice of appeal without first obtaining leave of court alleging that the trial court erred in removing mandatory post release control from defendant's sentence.

{¶29} This Court, sua sponte, raised the issue of the state's right to appeal the modification without first seeking leave of court.

{¶30} This Court first held that the trial court's sua sponte modification of PRC did not fall under any of the categories in R.C. 2945.67(A) [state's appeal of right]. *Id.* at ¶ 17. Next, it considered the state's right to appeal the modification under R.C. 2953.08(B),

state's appeal of right of sentencing issues.  It concluded that R.C.2953.08(B)(2) [contrary to law] did not apply to modifications.

> In regard to R.C. 2953.08(B)(2), the Ohio Supreme Court recently concluded that this subsection . . . does not refer to the *modification* of a sentence.  Rather it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds '[t]he sentence is contrary to law.'  Thus, it does not apply to a modification of a sentence that is allegedly contrary to law. (emphasis in original).  *Id.* at ¶ 24.  *State v. Cunningham,* 2007-Ohio-1245, ¶ 19 ("It does not appear to be an oversight that the General Assembly excluded felonies of the third, fourth, or fifth degree from R.C. 2953.08(B)(3), which authorizes a prosecuting attorney to appeal modification of a sentence imposed for a felony of the first or second degree.").

**{¶31}**  So, too, this Court made it clear that the state's right to appeal did not include a voidable sentence.  In *State v. Davis,* 2018-Ohio-4095 (5th Dist.), this Court adopted the concurring opinion of Judge Harsha in *State v. Sparks,* 2008-Ohio-4664 (4th Dist.):

> Although the trial court clearly erred in the exercise of its jurisdiction by granting judicial release to an ineligible offender, the error rendered the resulting judgment voidable, not void.  Thus, the state's remedy is to attack the judgment through a direct appeal.  However, R.C. 2953.08(B) does not permit the state to appeal the trial court's decision to grant judicial release to an offender convicted of a third, fourth-, or fifth-degree felony.  Because

the state does not have a substantial right to appeal in this special statutory proceeding, there is no appealable order, and we lack jurisdiction to consider a direct appeal in this case. Thus, I concur in the judgment of the principal opinion. *Id.* at ¶ 12.

**{¶32}** *See also State v. Wright,* 2022-Ohio-3068, ¶ 15 (10th Dist.) (holding that the state does not have the right to appeal a modification of a sentence that is allegedly contrary to law.).

**{¶33}** Accordingly, because we are unable to find a basis for appeal as a matter of right by the state under R.C. 2945.67(A) and R.C. 2953.08(B), and because the state has not in the alternative sought leave to appeal in this case pursuant to R.C. 2945.67(A) and App.R. 5(C), we are without jurisdiction to address the merits of the state's sole assignment of error.

## CONCLUSION

**{¶34}** For the foregoing reasons, the state's appeal of the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby dismissed.

By: Wise, P. J.
Baldwin, J., and
King, J., concur.

JWW/kt 1120