*622
 
 Hart, J.
 

 The commission denied relatrix’s application for additional compensation on the ground that her decedent’s death was not caused by the violation of a specific safety requirement. No appeal can be taken from the disallowance of a claim by the commission in this type of case. Section 35, Article II of the Constitution, provides, in part, as follows:
 

 “Such board [Industrial Commission] shall have full power and authority to hear and determine whether or not ail injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety, of employees, enacted by the General'Assembly or in the form of an order adopted by such board, and its decision shall be final.”
 

 The relatrix now seeks to circumvent this obstacle and to secure indirectly a review of the action of the commission in disallowing her claim, by bringing and prosecuting this action. To do so, however, and to invoke the jurisdiction of this court, the relatrix recognizes that it is incumbent upon her to charge in her petition, as she does, and to establish by evidence, the fact that the Industrial Commission, in disallowing her claim, committed not merely an error in law but an abuse of discretion. It is well settled that mandamus will not lie to control discretion unless it be clearly shown that the refusal to perform the desired act is an abuse of such discretion. 25 Ohio Jurisprudence, 1003, Section 28
 
 et seq.; State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerle, Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662;
 
 State, ex rel. Christman, v. Skinner, Dir.,
 
 127 Ohio St., 55, 186 N. E., 738;
 
 State, ex rel. Weaver, v. Board of Trustees of Ohio State University,
 
 126 Ohio St., 290, 185 N. E., 196;
 
 State, ex rel.
 
 Coen, v.
 
 Industrial Commission,
 
 126 Ohio St., 550, 186 N. E., 398;
 
 Board of Education of Sycamore v. State, ex rel.
 
 
 *623
 

 Wickham,
 
 80 Ohio St., 133, 88 N. E., 412. On the theory that the commission has abused its discretion, relatrix seeks a peremptory writ commanding the commission, not to hear and determine, but to allow her claim.
 

 The only seriously controverted issue before the commission was the interpretation and application of paragraph 3 of the 1924 safety codé, relating to elevator cars, adopted by the commission, as found in its bulletin No. 110, at page 181, which is as follows: “All power freight elevators having a lifting capacity exceeding 3,000 pounds, a normal car speed exceeding 75 feet per minute, or a platform area exceeding 40 square feet, shall be constructed with steel or wrought-iron suspension frames.”
 

 It is admitted that the capacity of the lifting machinery of the elevator was in excess of 5,000 pounds,, but there is some dispute as to whether the elevator was, within the meaning of the safety code, equipped with steel or wrought-iron suspension frames. The relatrix claimed before the commission that the safety requirement related to the lifting capacity of the hydraulic machinery which operated the elevator car. On the other hand, the commission took the view that although the capacity of the hydraulic machinery was in excess of 5,000 pounds, the safety requirement relating to suspension frames was not applicable because the load capacity of the elevator itself was only 2,000 pounds; and that since the elevator at the time of the accident was carrying less than 2,000 pounds, could not move more than 65 feet per minute and had a platform area of.only 23.55 square feet, as disclosed by the undisputed evidence, there was no safety requirement violation. The only question before this court is whether the commission was guilty of an abuse of discretion, in taking the view which it did as above stated.
 

 
 *624
 
 In the consideration of this question, it must be kept in mind that the term “abuse of discretion” means more than an error of law or error of judgment (Black’s Law Dictionary [2 Ed.], 11). It means “a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence” (Bouvier’s Law Dictionary). Where the court does not exercise a discretion in the sense of being discreet, circumspect, prudent, and exercising cautious judgment, there is an abuse of discretion
 
 (Murrary
 
 v.
 
 Buell,
 
 74 Wis., 14, 41 N. W., 1010). The term has been defined as “a view or action that no conscientious judge, acting intelligently, could have honestly taken.”
 
 Long
 
 v.
 
 George,
 
 296 Mass., 574, 579, 7 N. E. (2d), 149, 151. For other definitions see
 
 State
 
 v.
 
 Ferranto,
 
 112 Ohio St., 667, 676, 677, 148 N. E., 362.
 

 The safety requirement in question relates expressly to “all power freight elevators.” It takes into consideration speed of operation and size of platform, but does not refer specifically to the power by which the elevator car is moved. No other section of the safety code relates to the load which elevators shall be permitted to carry, a matter of greatest concern in the safe operation of an elevator. There was evidence before the commission to the effect that in any elevator specification the contract load, maximum carrying capacity, rated lifting capacity, lifting capacity and capacity, are exactly the same figure expressed in pounds; that they are used interchangeably in the elevator industry; and that both in the code and as used by men in their work, these terms are synonymous.
 

 The commission’s record discloses also-that the lifting power of the elevator machinery of any elevator is always a variable factor, depending upon the type of power and motors used; that it is a self-evident fact that such lifting power must always be greater than
 
 *625
 
 the elevator’s load in order to move the weight of the elevator in addition to the load and still have a margin of surplus power; and that routine elevator inspection does not take into consideration the lifting power of the elevator machinery.
 

 At the time the commission finally rejected relatrix’s claim, it had before it as a part of its record, a portion of the opinion of Judge Matthews of the Court of Appeals of the First Appellate District in the case of
 
 Wilms, Admx.,
 
 v.
 
 Klein,
 
 38 Ohio Law Abs., 45, 49 N. E. (2d), 76, which was a wrongful death action brought by the relatrix in the instant case, against the owners of the building where Paul W. Wilms was working when killed, and involved the same facts as. those be-, fore the commission on the allowance 'of relatrix’s claim for additional compensation. In that case, the plaintiff predicated her petition and right to recover upon the violation of the same safety requirement. There was a verdict for the plaintiff, and the trial court overruled defendants’ motion for judgment notwithstanding the verdict. The Court of Appeals reversed that judgment and remanded the cause with instruction to render final judgment for the defendants. A motion to certify was overruled by this court on January 27, 1943, case No. 29408. The Court of Appeals took the view that from the evidence in that case the elevator was equipped with steel frames and, in the course of the opinion, Judge Matthews, speaking for the court, said:
 

 “(2) Next it is urged that the defendants failed to comply with the provisions of bulletin No. 110 promulgated by the Industrial Commission of Ohio under authority conferred on it by Section 871-22, General Code. This bulletin required that ‘all freight elevators having a lifting capacity exceeding 3,000 pounds, a normal car speed exceeding “75 feet per minute, or
 
 *626
 
 a platform area exceeding 40 square feet, shall he constructed with steel or wrought-iron suspension frames.’
 

 “Now the word ‘frame’ without qualifying or limiting modifier would be broad enough to include metal cross pieces under and supporting the floor of this elevator. The difficulty in giving it so broad a meaning is that the Industrial Commission did not use the term without qualification. It does not require that the elevator be supported by metal frames. The requirement is that there should be suspension frames. That means that the frames referred to should be above the elevator and the elevator be attached to them from below. As we construe the evidence, this elevator was so equipped. There was no failure of any part from which the floor was suspended. Furthermore, the floor was suspended from metal rods on the sides which were attached to a metal cable by which the floor or cab was raised or lowered in the elevator shaft. The metal rods were joined together in some fashion by metal chains located undér the floor. There is no claim of any defect in any of these metal parts. It was the floor that yielded to the pressure and tore loose from the suspending apparatus. If the bulletin should be construed to require a metal perimeter for elevator floors and that this elevator floor was not so constructed, the plaintiff’s case is not helped, because it is clear that the outer timbers into which the floor boards were fitted and by which they were supported did not fail. It was the boards of the floor that failed. So that even though the bulletin should be construed to require a metal perimeter, its violation had no causal gelation to this accident.”
 

 The commission’s referee, who heard the relatrix’s claim and made his report to the commission, quoted the specific safety requirement in question, and said:
 

 “The evidence shows that the elevator in question
 
 *627
 
 in this case had a capacity of 2,000 pounds, traveled about 65 feet per minute, had a platform area of 23.55 square feet. Therefore, this section does not apply.”
 

 A writ of mandamus will not issue to require the Industrial Commission to allow a claim for additional compensation for the death of a workman claimed to have been caused by his employer’s violation of a specific safety requirement, even though the undisputed facts show that the death of the decedent occurred while in the course of employment, where the context of the specific safety requirement, the violation of which is charged, is susceptible of such interpretation that an honest difference of opinion may exist as to whether there was, under the facts, a violation of such requirement.
 

 In view of the evident
 
 bona fide
 
 difference of opinion as to the interpretation of the safety requirement in question, and in view of the record which the Industrial Commission had before it, as above indicated, this court cannot say that the commission abused its discretion in adopting its interpretation of such safety requirement, and in denying relatrix’s claim.
 

 The peremptory writ of mandamus will be denied.
 

 Writ demed.
 

 Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.