By the Court.
The basis of relator’s prayer for a writ of mandamus is that there is no evidence to sustain the respondent’s decision.
Section 486-17a, General Code, provides, in part:
“The tenure of every officer, employee or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employee or subordinate may be removed for incompetency, inefficiency, dishonesty, * * * or any other acts of misfeasance, malfeasance or nonfeasance in office.” (Italics supplied.)
To warrant the issuance of the writ prayed for, it must clearly appear that respondent abused its discretion in determining from the evidence presented that relator was guilty of dishonesty and malfeasance as stated in the order of removal, and that respondent clearly abused its discretion in affirming that order.
It is important to bear in mind that such abuse of discretion must be clearly shown. State, ex rel. Wilms v. Blake et al., Industrial Commission, 144 Ohio St., 619, 622, 60 N. E. (2d), 308, 310.
The question is not what this court would have done had it been functioning in the place of the respondent, but whether upon the facts before the respondent it acted arbitrarily, capriciously or without justification.
In the case of World Exchange Bank v. Commercial Casualty Ins. Co., 255 N. Y., 1, 5, 173 N. E., 902, 903, the judge writing the opinion said:
“Dishonesty, unlike embezzlement or larceny, is .not a term of art. Even so, the measure of its meaning is not a standard of perfection, but an infirmity of purpose so opprobrious or furtive as to be fairly characterized as dishonest in the common speech of men. ’ ’
Black’s Law Dictionary (3 Ed.) defines “dishon *434 esty” as a “disposition to lie, cheat or defraud; untrustworthiness ; lack of integrity.”
In the opinion in the case of Bell v. Josselyn, 69 Mass. (3 Gray), 309, 311, 63 Am. Dec., 741, 742, the terms “nonfeasance,” “misfeasance” and “malfeasance” are simply and succintly defined in the following language :
“Nonfeasance is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; and malfeasance is the doing of an act which a person ought not to do at all. ’ ’
In the instant case, the evidence plainly shows that the presented vouchers included items of expense which had not been incurred. . Those vouchers were both misleading and false and presented an untrue history of events-as they actually occurred.
On each voucher submitted, above the appended signature, was the statement:
“I hereby certify that the expenses listed above have been incurred by me in the service of the county and include only such expenses as were necessary in performing that service, and to the best of my knowledge and belief are correct as stated. ’ ’
To say on the basis of the disclosures outlined that relator had done* nothing warranting his removal is hardly plausible.
Relator’s contention that he, did nothing wrong because the expenditures actually made by him were in excess of the amounts stated in the vouchers, is beside the point.
In our opinion the respondent was confronted with facts sufficiently strong against the relator to ¡justify its decision. That being so, it necessarily follows that relator has not clearly shown an abuse of discretion *435 on the part of the respondent in making the determination complained of, and he must therefore fail.
The writ is denied.

Writ denied.

Weygandt, C. J., Turner, ■ Matthias, Hart, Zimmerman and 'Bell, JJ, concur.
Sohngen, J., not participating.