THE STATE OF OHIO, APPELLANT, *v.* CUNNINGHAM, APPELLEE.

[Cite as *State v. Cunningham,* 113 Ohio St.3d 108, 2007-Ohio-1245.]

(No. 2005–1780—Submitted November 28, 2006—Decided April 4, 2007.)

**O'Donnell, J.**

{¶ 1} The state appeals from an order of the Eighth District Court of Appeals that dismissed its appeal and held that an order granting judicial release for a felony of the fifth degree did not constitute a final, appealable order pursuant to R.C. 2953.08. After reviewing the history of this case and the relevant statutory authority, we affirm that decision.

{¶ 2} On September 10, 2003, Kim Cunningham pleaded guilty to theft in violation of R.C. 2913.02, a felony of the fifth degree, and the trial court sentenced her to community control, placing her on electronic home detention for 60 days. On December 9, 2003, the trial court entered an order finding that Cunningham had violated the terms of her community control by being out of range of her electronic home-detention monitor, and it therefore imposed a one-year sentence of incarceration.

{¶ 3} Two months later, Cunningham filed a motion for judicial release in accordance with R.C. 2929.20(B)(1)(a). However, before the trial court ruled on that motion, Cunningham filed a motion to withdraw it, which the trial court granted. Thereafter, on June 18, 2004, Cunningham filed a second motion for judicial release. During the pendency of that second motion for judicial release, Cunningham moved to reinstate her first motion for judicial release, which she had withdrawn. The trial court granted that motion, and, after a hearing, it modified her sentence of incarceration to a four-year period of community

control. The prosecuting attorney then appealed the court's order granting judicial release.

{¶ 4} Prior to oral argument in the court of appeals, the court, sua sponte, raised the issue of whether the trial court's order modifying the sentence constituted a final, appealable order. In a split decision, the appellate court dismissed the state's appeal for lack of a final, appealable order, holding that R.C. 2953.08(B) did not grant the state the right to appeal in this instance.

{¶ 5} The state has now appealed that decision to this court, urging that it has a right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law. We granted discretionary review.

{¶ 6} The right of a prosecuting attorney to appeal a sentence is provided by R.C. 2953.08(B):

{¶ 7} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

{¶ 8} "* * *

{¶ 9} "(2) The sentence is contrary to law.

{¶ 10} "(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree."

{¶ 11} R.C. 2953.08(B)(3) grants the state a right to appeal if a court modifies a sentence imposed for a felony of the first or second degree. Cunningham's conviction here, however, is for theft, a felony of the fifth degree.

{¶ 12} The prosecuting attorney contends that R.C. 2953.08(B)(2) authorizes an appeal from modification of any sentence that is contrary to law, and urges that the modification of sentence granting judicial release to Cunningham violated R.C. 2929.20(B)(1)(a) because Cunningham did not file her motion seeking judicial release in a timely manner; in addition, the prosecutor argues that the court had no authority to reinstate Cunningham's withdrawn motion for judicial release and, therefore, that the court acted contrary to law in granting judicial release.

{¶ 13} Cunningham claims that R.C. 2953.08(B)(3) precludes appellate review of *any* sentence modification involving any third-, fourth-, or fifth-degree felony. Thus, we are confronted with a question of statutory interpretation concerning whether R.C. 2953.08(B)(2) authorizes the prosecuting attorney to appeal as contrary to law the modification of a criminal sentence granting judicial release for a felony of the third, fourth, or fifth degree, or whether R.C. 2953.08(B)(3)

precludes the prosecuting attorney from doing so because it expressly grants the right to appeal only the modification of sentences imposed for felonies of the first or second degree.

{¶ 14} R.C. 2929.20 restricts the time within which an eligible offender may file a motion for judicial release. It reads:

{¶ 15} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. * * * An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:

{¶ 16} "(1)(a) Except as otherwise provided in division (B)(1)(b) or (c) of this section, if the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution."

{¶ 17} Further, R.C. 2929.20(B)(2) pertains to first-, second-, and third-degree felonies, and provides:

{¶ 18} "[I]f the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution."

{¶ 19} What is immediately apparent from the foregoing code sections is that the General Assembly has imposed time parameters for eligible offenders to file for a modification of sentence seeking judicial release. It does not appear to be an oversight that the General Assembly excluded felonies of the third, fourth, or fifth degree from R.C. 2953.08(B)(3), which authorizes a prosecuting attorney to appeal modification of a sentence imposed for a felony of the first or second degree.

{¶ 20} First, the plain language of R.C. 2953.08(B)(3) does not include any reference to a felony of the third, fourth, or fifth degree. By including only felonies of the first and second degree within the text of (B)(3), the General Assembly has excluded all other felony offenses of a lesser degree because "the express inclusion of one thing implies the exclusion of the other." *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24.

{¶ 21} Next, in establishing time parameters within which to file motions for judicial release pursuant to R.C. 2929.20, the General Assembly established two different time periods: one for filing a motion for judicial release involving felonies of the first, second, and third degree, R.C. 2929.20(B)(2); and a separate time period for felonies of the fourth and fifth degree, R.C. 2929.20(B)(1). But

when it authorized the prosecuting attorney to appeal a modification of sentence, it limited the right to sentence modifications involving only felonies of the first and second degree.

{¶ 22} Finally, we recognize that the state, relying on R.C. 2953.08(B)(2), contends that it has a right to appeal a sentence modification that is contrary to law. Here, it urges that the court acted contrary to law in permitting Cunningham to reinstate a motion that had been withdrawn and that would have been untimely if it were refiled. A careful examination of R.C. 2953.08(B)(2), however, reveals that it does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds that "[t]he sentence is contrary to law." Thus, it does not apply to a modification of a sentence that is allegedly contrary to law. See *State v. Raitz*, 6th Dist. No. L–03–1118, 2003-Ohio-5687, 2003 WL 22417222, ¶ 13. The state argues that the trial court lacked jurisdiction to reinstate Cunningham's first motion for judicial release and as a result that modification is contrary to law. The state argues in the alternative that if the trial court had the jurisdiction to reinstate the motion, it abused its discretion in so doing.

## Abuse of Discretion

{¶ 23} We have stated that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. In *Beasley,* we reasoned that " '[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *.' " Id., quoting *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. Thus, a trial court may grant judicial release and modify a sentence only as provided for by statute.

{¶ 24} Based upon the narrow facts of this case, however, the trial court did not disregard statutory requirements in modifying Cunningham's sentence. Cunningham complied with the time parameters in R.C. 2929.20(B)(1)(a) in filing her original motion on February 20, 2004, vesting the trial court with jurisdiction at that time. And, where " 'jurisdiction has attached[,] the right to hear and determine is perfect[,] and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred.' " *Tari v. State* (1927), 117 Ohio St. 481, 491, 159 N.E. 594, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, paragraph three of the syllabus.

{¶ 25} Because the trial court had jurisdiction through Cunningham's initial motion for judicial release, it also had "inherent authority and wide discretion in exercising its duty to administer proceedings," *State v. Boddie* (Sept. 6, 2001), 3d Dist. No. 1–2000–72, 2001 WL 1023107, citing *Royal Indemn. Co. v. J.C. Penney*

*Co., Inc.* (1986), 27 Ohio St.3d 31, 33–36, 27 OBR 447, 501 N.E.2d 617, which includes the ability to reinstate a withdrawn motion. In addition, the court's decision "will not be disturbed absent a showing that the court abused that discretion." Id. We have defined an "abuse of discretion" as an unreasonable, arbitrary, or unconscionable use of discretion, *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 130, or as a " 'view or action "that no conscientious judge, acting intelligently, could honestly have taken." ' " *State ex rel. Wilms v. Blake* (1945), 144 Ohio St. 619, 624, 30 O.O. 220, 60 N.E.2d 308, quoting *Long v. George* (1937), 296 Mass. 574, 579, 7 N.E.2d 149, quoting *Davis v. Boston Elevated Ry. Co.* (1920), 235 Mass. 482, 497, 126 N.E. 841.

{¶ 26} Given the facts before us, we cannot conclude that the trial court abused its discretion in this case. Significantly, the court did not rule on the second, untimely motion for judicial release filed on June 18, 2004. Instead, it reinstated Cunningham's timely filed motion. The court did not act arbitrarily or otherwise ignore the language of the statute. Therefore, where an eligible inmate has timely filed a motion seeking judicial release pursuant to R.C. 2929.20 involving a felony of the fifth degree, but later withdraws that motion, an order of the trial court reinstating that motion is not an abuse of discretion, and a judgment entry granting it is not contrary to law.

{¶ 27} Since it is our responsibility to interpret the law, and not to make it, we are constrained by the language used in R.C. 2953.08 to conclude that the General Assembly has granted the prosecuting attorney a limited right to appeal the modification of a sentence granting judicial release for a felony of the first or second degree.

{¶ 28} Accordingly, R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree. We therefore affirm the judgment of the court of appeals dismissing the state's appeal.

Judgment affirmed.

MOYER, C.J., CARR, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

DONNA J. CARR, J., of the Ninth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

―――――――――

William D. Mason, Cuyahoga County Prosecuting Attorney, and Steven Gall, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik and Cullen Sweeney, for appellee.