{¶ 7} I respectfully dissent from the majority's decision to dismiss this appeal. The trial court's decision to grant judicial release to appellee prior to serving his mandatory one-year sentence is contrary to law and therefore subject to this court's review.
 {¶ 8} Appellee entered a plea of guilty to aggravated vehicular assault in violation of R.C. 2903.08(A)(1). R.C. 2903.08(D)(1) states that an offender who *Page 6 
pleads guilty to subsection (A)(1) shall be sentenced to a mandatory prison term. R.C. 2903.08 (F)(1) states that a mandatory prison term in this section has the same meaning as in section 2929.01 of the Revised Code. That section states that "a mandatory prison term described in this division may be any prison term authorized for the level of offense." A violation of section (A)(1) is a third degree felony. See R.C. 2903.08(B)(1). The minimum prison term authorized for a third degree felony is one year. See R.C. 2929.14(A)(3). Therefore, appellee was required by law to serve a minimum of a mandatory one-year prison term.
 {¶ 9} The facts in this case distinguish it from the decision inState v. Cunningham, 113 Ohio St.3d 108, 2007-Ohio-1245. Unlike Cunningham, this defendant-appellee, being subject to a mandatory prison term, could not be an "eligible offender" under the judicial release statute. Therefore, the trial court did not have jurisdiction to reduce appellee's sentence. A mandatory prison term is not subject to modification by judicial release. See R.C. 2929.20(A)(1). When the trial court purported to grant judicial release before appellee's one-year mandatory prison term had expired, it not only disregarded statutory requirements, it acted in clear violation of R.C. 2903.08(D)(1) and2929.20(A)(1). Ohio courts have no authority to reconsider their own valid final judgments in criminal cases. Brook Park v. Necak (1986), 30 Ohio App.3d 118. The trial court was without authority to reduce the mandatory one-year prison term originally imposed. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted *Page 7 
sentence a nullity or void." State v. Beasley (1984), 14 Ohio St.3d 74,75. The trial court's attempt to impose a sentence of less than one-year mandatory imprisonment is contrary to law and this court has jurisdiction under R.C. 2953.08(B)(2) to vacate the court's order and reinstate the original sentence. *Page 1