[Cite as *State v. Santiago*, **2012-Ohio-3607**.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-29 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-119 |
| v. | : | |
| | : | |
| DAVID SANTIAGO, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10ᵗʰ day of August, 2012.

. . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. #0067242, Miami County Prosecutor's Office, 201
West Main Street, Miami County Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

D. ANDREW VENTERS, Atty. Reg. #0083246, Miller & Luring Co., LPA, 314 West Main
Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     We have previously outlined the facts and proceedings of this case as follows:

David Santiago Jr. was found guilty on his no-contest plea of trafficking

in drugs after the trial court overruled his motions to suppress evidence and to withdraw his plea. Santiago appeals from his conviction.

In the early morning hours of December 6, 2009, Santiago was stopped in Troy after an officer saw him driving left of center. Based on his interaction with the police officer, Jeff Kunkleman, Santiago was asked to perform field sobriety tests, all of which he failed. He then submitted to a breath test, which showed a blood alcohol level of .147. He was arrested for driving under the influence.

After placing Santiago in the cruiser, Kunkleman inventoried Santiago's car before having it towed. Kunkleman opened Santiago's glove box using keys that Santiago had thrown on the dash, and he found crack cocaine inside. After he was informed of his rights, Santiago was interviewed by Kunkleman and stated that the crack was his and that he "had gotten the crack * * * to try to make a little extra money for the holidays." Santiago denied that he used crack or regularly sold it.

Santiago was indicted for trafficking in drugs, in violation of R.C. 2925.03(A)(2) and 2925.03(C)(4)(e), and he pleaded not guilty. He filed a motion to suppress all evidence against him on the grounds that his detention and arrest had been illegal. After conducting a hearing, the trial court overruled his motion to suppress. Santiago then changed his plea to no contest and was found guilty. One day after entering his plea, however, he contacted his attorney about withdrawing his plea. When this matter was raised with the court at the sentencing hearing several weeks later, the court refused to allow

Santiago to withdraw his plea, concluding that he had "simply had a change of heart and [was] attempting to delay the proceedings."

*State v Santiago*, 195 Ohio App.3d 649, 2011 -Ohio-5292, 961 N.E.2d 264 (2d Dist.), ¶ 1-4 (footnote omitted).

{¶ 2} We overruled Santiago's assignments of error challenging the trial court's denial of his motion to suppress evidence. However, our holding reversed the judgment of the trial court and "remanded for consideration of Santiago's pre-sentence motion to withdraw his no contest plea." *Id* at ¶ 68.

{¶ 3} Upon remand, an evidentiary hearing was conducted on November 3, 2011, where Santiago was the only witness called. On November 7, 2011, the trial court issued a nine-page written Decision/Judgment Entry (Doc. 34) that overruled the defendant's request to withdraw his guilty plea. Santiago appealed.

{¶ 4} On February 29, 2012, Santiago's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious issues for our review. In the *Anders* brief, appellate counsel recognized that this court previously had ruled on issues related to the overruling of the defendant's motion to suppress. Nonetheless, counsel did identify two potential assignments of error relating to the remand and the trial court's overruling of appellant's motion to withdraw his plea.

{¶ 5} We notified appellant that his counsel had filed an *Anders* brief and offered appellant ample time to file a pro se brief. None has been received.

{¶ 6} The first potential assignment of error states: "The trial court abused its

discretion when it overruled Appellant's motion to withdraw his plea."

> "The term 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144, citing *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855. "Abuse of discretion" means "'a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.' 1 Bouv.Law Dict., Rawle's Third Revision, p. 94. * * * The term has been defined as 'a view or action that no conscientious judge, acting intelligently, could honestly have taken.'" *Wilms*, 144 Ohio St. at 624, 30 O.O. 220, 60 N.E.2d 308, quoting *Long v. George* (1937), 296 Mass. 574, 579, 7 N.E.2d 149, quoting *Davis v. Boston Elevated Ry. Co.* (1920), 235 Mass. 482, 502, 126 N.E. 841. Accord *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 591, 50 O.O 465, 113 N.E.2d 14.

*State v. Hancock*, 108 Ohio St.3d 57, 2006–Ohio–160, 840 N.E.2d 1032, ¶ 130.

{¶ 7}    We have reviewed the trial court's written decision. It displays a full consideration of this court's remand, of the evidence presented at the hearing, and of the applicable law. The record does not reveal anything to support an abuse of discretion argument. We agree with counsel that this potential assignment of error does not have arguable merit.

{¶ 8}    The second potential assignment of error states: "The Appellant was denied the effective assistance of counsel with respect to his motion to withdraw his plea." Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition,

prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result below would have been different. *Id*.; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 9}    Counsel below presented the defendant's testimony, gave him the opportunity to explain his reasons for asking to withdraw his plea, and forcefully argued to the court that the plea should be withdrawn. There is simply nothing in the record to make a non-frivolous argument concerning ineffective assistance of counsel. We agree with counsel that an appeal based on this claim would have no arguable merit.

{¶ 10}    We also carefully have reviewed the transcript and the record, and we have conducted an independent review, as required by *Anders*. Our independent review reveals no non-frivolous issues for appeal. Accordingly, the judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Anthony E. Kendell
D. Andrew Venters
Hon. Christopher Gee
David Santiago, Jr.