[Cite as *State v. Noel*, 2014-Ohio-2231.]

STATE OF OHIO  )  IN THE COURT OF APPEALS
 )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

STATE OF OHIO  C.A. No.  13CA010359

    Appellant

    v.  APPEAL FROM JUDGMENT
 ENTERED IN THE
EARL NOEL  COURT OF COMMON PLEAS
 COUNTY OF LORAIN, OHIO
    Appellee  CASE No.  12CR084228

DECISION AND JOURNAL ENTRY

Dated: May 27, 2014

CARR, Judge.

{¶1} Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On February 2, 2012, the Lorain County Grand Jury indicted Earl Noel on one count of robbery, a felony of the second degree. After initially pleading not guilty at arraignment, Noel appeared for a change-of-plea hearing and pleaded guilty to the sole count in the indictment. On September 7, 2012, the trial court imposed a four-year prison sentence.

{¶3} Shortly thereafter, on January 3, 2013, Noel filed a motion for judicial release. The State filed a memorandum in opposition to the motion. On February 1, 2013, the trial court held a hearing on the matter. At the hearing, the State argued that Noel was not yet eligible for release under R.C. 2929.20(C)(2). The victim also made a statement at the hearing, and indicated that he was opposed to judicial release because he was severely injured during the

underlying incident. The State further noted for the record that Noel, in his motion, had acknowledged that Noel would not be eligible for judicial release until March 2013. Before defense counsel could respond, the trial judge stated that he believed Noel was entitled to credit for time served in the county jail. On that basis, the trial court indicated that it would grant the motion.

{¶4} On the same day as the hearing, the trial court issued a journal entry granting Noel's motion for judicial release, and ordered that the Lorain Correctional Institution release Noel to the Lorain County Sheriff. The order also specified that Noel would be subject to a period of intensive supervised probation for a period of five years.

{¶5} The State filed a notice of appeal from the trial court's February 1, 2013 judgment entry. On appeal, the State raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING EARL NOEL'S PREMATURE MOTION FOR JUDICIAL RELEASE PURSUANT TO R.C. 2929.20(C)(2).

{¶6} In its sole assignment of error, the State contends that the trial court's decision to grant judicial release violated R.C. 2929.20(C)(2). This Court agrees.

{¶7} In support of its assignment of error, the State argues Noel was not eligible to be released from prison at the time the trial court issued its judicial release order, and that the trial court incorrectly interpreted R.C. 2929.20(C)(2) to include jail time credit for the purposes of judicial release. Noel argues that he is entitled to jail-time credit accumulated while confined at the Lorain County Jail, and that the trial court properly granted his motion.

{¶8} Noel was sentenced to a four-year term of incarceration. R.C. 2929.20(C) states:

An eligible offender may file a motion for judicial release with the sentencing court within the following applicable periods:

* * *

(2) If the aggregated nonmandatory prison term or terms is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.

{¶9} R.C. 2967.01(A) defines "state correctional institution" as "any institution or facility that is operated by the department of rehabilitation and correction and that is used for the custody, care, or treatment of criminal, delinquent, or psychologically or psychiatrically disturbed offenders." While the term "state correctional institution" is not specifically defined in R.C. Chapter 2929, the  term "prison" is defined as "a residential facility used for the confinement of convicted felony offenders that is under the control of the department of rehabilitation and correction[.]" R.C. 2929.01(AA). While a "prison" would be encompassed within the definition of a "state correctional institution" run by the department of rehabilitation and correction, a "jail" is defined as "a jail, workhouse, minimum security jail, or other residential facility used for the confinement of alleged or convicted offenders that is operated by a political subdivision or a combination of political subdivisions of this state." R.C. 2929.01(R).

{¶10} In this case, the trial court erred by releasing Noel prior to the date when he had served 180 days in a state correctional institution. After he was sentenced, Noel was delivered to the Lorain Correctional Institution on September 10, 2012. Pursuant to R.C. 2929.20(C)(2), the statutory time for judicial release began to run at that time. Noel initially acknowledged this reality in his motion for judicial release when he stated, "The defendant was delivered to the Lorain Correction Institution on September 10, 2012. The defendant is eligible for judicial release on March 9, 2013." While Noel now argues that he should receive credit for his time at

the Lorain County Jail, a county jail is a "jail" as defined by R.C. 2929.01(R), not a state correctional facility as contemplated by R.C. 2929.20(C)(2). If the legislature intended for time served in a country jail to count for judicial release purposes, it could have expressly so provided. Instead, R.C. 2929.20(C)(2) clearly states that an offender may not file a motion for judicial release until "one hundred eighty days after the offender is delivered to a state correctional institution." Here, Noel was delivered to prison on September 10, 2012, thereby making him eligible for judicial release 180 days later on March 10, 2013. Accordingly, the trial court erred by granting Noel's motion for judicial release on February 1, 2013.

{¶11} The State's sole assignment of error is sustained.

III.

{¶12} The State's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

J. D. TOMLINSON, Attorney at Law, for Appellee.