**[Cite as *State v. Mitchell*, 2014-Ohio-3444.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 13CA010427 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RODNEY L. MITCHELL | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 12CR085388 |

DECISION AND JOURNAL ENTRY

Dated: August 11, 2014

BELFANCE, Presiding Judge.

{¶1} The State appeals the order of the Lorain County Court of Common Pleas granting Rodney Mitchell judicial release. For the reasons set forth below, we dismiss the appeal.

I.

{¶2} Mr. Mitchell pleaded guilty to unlawful sexual conduct with a minor, a felony of the third-degree. On November 21, 2012, the trial court sentenced him to four years in prison, and Mr. Mitchell was delivered to prison on November 27, 2012. On January 31, 2013, Mr. Mitchell filed a motion for judicial release, which the State opposed. On May 24, 2013, following a hearing, the trial court granted Mr. Mitchell's motion for judicial release. The State has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING RODNEY MITCHELL'S PREMATURE MOTION FOR JUDICIAL RELEASE PURSUANT TO R.C. 2929.20(C)(2).

{¶3} This Court must sua sponte raise issues related to its jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). The trial court granted Mr. Mitchell's motion for judicial release, thus modifying his sentence for his third-degree felony conviction. Pursuant to R.C. 2953.08(B)(3), the State may only appeal "a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree." Furthermore, "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, paragraph one of the syllabus.

{¶4} In *Cunningham*, the Ohio Supreme Court was faced with the issue as to whether the State could appeal an order granting judicial release from a felony of the fifth degree under circumstances where a judicial release motion had been filed, withdrawn, and then reinstated. *See id.* at paragraph two of the syllabus. Ms. Cunningham filed a motion for judicial release but sought to withdraw the motion before the trial court ruled, which the trial court granted. *Id*. at ¶ 3. Ms. Cunningham subsequently filed a second motion for judicial release. *Id.* During the pendency of the second motion for judicial release, she then moved for reinstatement of her first motion for judicial release, which the trial court granted, and the trial court granted the original motion for judicial release. *Id*. The State appealed, and the appellate court dismissed the appeal,

holding that it did not have jurisdiction to hear appeals involving the granting of judicial release for felonies of the third, fourth, or fifth degrees under R.C. 2953.08(B). *Id*. at ¶ 3-4.

{¶5} On appeal to the Ohio Supreme Court, the State argued that, because Cunningham did not file her motion for judicial release in a timely manner, the sentence modification was contrary to law and, thus, it was permitted to appeal under R.C. 2953.08(B)(2). *Id*. at ¶ 12. It also argued that the trial court lacked jurisdiction to reinstate Cunningham's first motion for judicial release and, therefore, the modification was contrary to law and, thus, appealable under R.C. 2953.08(B)(2).[1] *Id*.

{¶6} The Ohio Supreme Court rejected both of the State's propositions. *See Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, at ¶ 22, 24. In concluding that the State did not have a right of appeal, the Court compared R.C. 2953.08(B)(2) with 2953.08(B)(3) and found the General Assembly's prohibition of appeal from sentence modification orders regarding felonies of the third, fourth and fifth degree was not merely an oversight. *Id*. at ¶ 13, 19. In reaching this conclusion, the court observed that the plain language of R.C. 2953.08(B)(3) specifically provides for the state to have a right of appeal only from orders granting judicial release for felonies of the first and second degree. *Id*. at ¶ 20. It also observed that the General Assembly established two different time periods for filing a motion for judicial release, one involving felonies of the first, second, and third degree and one for felonies of the fourth and fifth degree. *Id*. at ¶ 21. However, notwithstanding those specified time periods, when determining whether to allow a right of appeal, it limited the right to only felonies of the first and second degree. *Id*.

---

[1] It alternatively argued that, even if the trial court had jurisdiction to reinstate the original motion for judicial release, the trial court abused its discretion in granting it.

**{¶7}** The State also argued that it could appeal the trial court's reinstatement of the original motion for judicial release as contrary to law under R.C. 2953.08(B)(2). *Id*. at ¶ 22. However, the Supreme Court disagreed, noting that a "careful examination of 2953.08(B)(2), however, reveals that it does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds that '[t]he sentence is contrary to law.'" (Emphasis in original) *Id*. "Thus, it does not apply to a modification of a sentence that is *allegedly* contrary to law." (Emphasis added.). *Id*.

**{¶8}** In this case, the State is attempting to appeal the trial court's order granting judicial release with respect to a third-degree felony. However, based upon R.C. 2953.08(B)(3) and *Cunningham*, the State does not have a right of appeal. We recognize the factual distinction that, in *Cunningham*, the original motion was brought within the appropriate statutory time parameters. *See id.* at ¶ 26. However, although the State also advanced a jurisdictional argument in *Cunningham*, contending that the trial court lacked jurisdiction to reinstate Cunningham's first motion for judicial release, the Court rejected the argument. *Id*. at ¶ 25. It acknowledged that, in *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984), it had held that "'any attempt to disregard statutory requirements when imposing a sentence renders that attempted sentence a nullity or void.'" *Cunningham* at ¶ 23, quoting *Beasley* at 75. It further acknowledged that "a trial court may grant judicial release and modify a sentence only as provided by statute." *Id*. at ¶ 23. However, it concluded that, given the "narrow facts" of the case before it, the trial court did not disregard the statutory requirements in modifying Cunningham's sentence because "Cunningham

complied with the time parameters in R.C. 2929.20(B)(1)(a) in filing her original motion on February 20, 2004, vesting the trial court with jurisdiction at that time." *Id*. at ¶ 24.[2]

{¶9} Thus, the *Cunningham* court did not go so far as to declare that an order modifying a sentence based upon a motion filed outside of the prescribed statutory time parameters was void, and, therefore, this question still remains open for the Ohio Supreme Court to determine in the future. Nevertheless, nothing in *Cunningham* expressly limits the scope of its holding as stated in its syllabus. Thus, given the limited right of appeal set forth in R.C. 2953.08(B)(3), we conclude that the State is not permitted to bring this appeal given that Mr. Mitchell was convicted of a third-degree felony. *See* R.C. 2953.08(B)(3) and *Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, at paragraph one of the syllabus.[3]

{¶10} Accordingly, the appeal is dismissed.

III.

{¶11} For the foregoing reasons, we dismiss the State's attempted appeal.

Appeal dismissed.

---

[2] Thus, it further concluded that, because the trial court had jurisdiction through Cunningham's initial motion for judicial release, it also had "inherent authority and wide discretion in exercising its duty to administer proceedings." (Internal quotations and citation omitted.) *Id*. at ¶25. It ultimately concluded that the trial court did not abuse its discretion in permitting the reinstatement of the original motion for judicial release. *Id*. at ¶ 26.

[3] We note that it is possible that the General Assembly may have considered that the State could avail itself of other remedies when faced with a statutorily improper motion for judicial release concerning felonies of third, fourth and fifth degree. *See, e.g., State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 7. This would comport with the plain language of the statute while at the same time leaving the State free to pursue other remedies if the trial court acts in contravention to R.C. 2929.20 under circumstances where the State has no adequate remedy at law.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

 
_____
EVE BELFANCE
FOR THE COURT

 

 

HENSAL, J.
CONCURS

CARR, J.
DISSENTING:

{¶12} As I do not believe that the State is attempting to appeal a modification of Mitchell's sentence, I respectfully dissent.

{¶13} The majority relies on *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, in support of its decision to dismiss the State's appeal for lack of a final, appealable order because the trial court granted Mitchell judicial release arising out of a sentence imposed for a felony of the third degree. R.C. 2953.08(B)(3) permits the State to appeal modifications of sentences imposed only for felonies of the first and second degrees. While I agree that this Court would lack jurisdiction to consider the State's challenge to the substantive modification of a sentence imposed for a felony of the third degree where the defendant timely moved for judicial

release, that is neither the situation here nor representative of the Supreme Court's holding in *Cunningham*.

{¶14} R.C. 2929.20(C) establishes precise time periods based on the duration of the prison term imposed after which a defendant may file a motion for judicial release. When the minimum time period has not yet elapsed, a motion for judicial release is premature and the trial court lacks authority to consider it. Whether a motion for judicial release is ripe for consideration by the trial court is, therefore, a threshold issue to be determined before the trial court may consider the substantive merits of the motion, i.e., whether modification of the sentence is warranted. The Ohio Supreme Court understood this distinction when rendering its opinion in *Cunningham*.

{¶15} The *Cunningham* court could have affirmed the appellate court's dismissal of the State's appeal from an order granting judicial release with regard to a sentence imposed for a felony of the fifth degree with merely a citation to former R.C. 2953.08(B)(2) [now R.C. 2953.08(B)(3)] which permits State's appeals from modifications of sentences imposed only for felonies of the first and second degrees. It did not. Instead, the high court as a threshold matter analyzed to determine whether Cunningham had filed a motion for judicial release that complied with the statutory timing requirements. If a challenge to the authority of the trial court to consider a motion for judicial release was subsumed within the court's modification of the sentence, then resolution of the State's appeal would have been as simple as dismissal on the basis of the limitations prescribed in R.C. 2953.08(B)(3). The high court recognized, however, that the trial court's authority to address a motion for judicial release is distinct from any modification of the sentence.

{¶16} The holding in *Cunningham* is narrower than the majority acknowledges. The defendant must timely file his motion for judicial release; where he has timely filed the motion with regard to a sentence imposed for a felony of the third, fourth, or fifth degree, R.C. 2953.08(B)(2) negates the State's ability to challenge the trial court's modification on appeal. *See Cunningham* at ¶ 26-28. I do not read *Cunningham* to foreclose the State's ability to challenge the trial court's authority to consider a premature motion for judicial release. Accordingly, as the State challenges the trial court's authority to rule on the motion for judicial release rather than the substantive modification of Mitchell's sentence, I would address the merits of the appeal. Moreover, because Mitchell was sentenced to a prison term of four years, any motion for judicial release would not be ripe for the trial court's consideration until one hundred eighty days after he was delivered to the state correctional institution. R.C. 2929.20(C)(2). Until that period elapsed, the trial court had no authority to consider the merits of the motion. I would sustain the State's assignment of error on that basis and reverse the trial court's judgment.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

ANTHONY MANNING, Attorney at Law, for Appellee.