[Cite as *State v. Newson*, 2014-Ohio-3867.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO                                       C.A. No.         13CA010426

    Appellant

    v.                                                       APPEAL FROM JUDGMENT
                                                                ENTERED IN THE
BRYANT NEWSON                                  COURT OF COMMON PLEAS
                                                                COUNTY OF LORAIN, OHIO
    Appellee                                        CASE No.        12CR085672

DECISION AND JOURNAL ENTRY

Dated: September 8, 2014

HENSAL, Judge.

{¶1}    Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas.  For the following reasons, this Court dismisses the appeal.

I.

{¶2}    On December 27, 2012, Bryant Newson pleaded guilty to one count of failure to register his address in violation of Revised Code Section 2950.05(F)(1), a felony of the third degree.  The trial court sentenced Mr. Newson to three years in prison on January 25, 2013.  On February 8, 2013, he was conveyed to the Lorain Correctional Institution to begin serving his prison sentence.

{¶3}    On April 26, 2013, Mr. Newson filed a motion for judicial release under Revised Code Section 2929.20.  The trial court denied his motion without a hearing on May 2, 2013.  On May 28, 2013, the trial court sua sponte vacated its May 2, 2013, entry denying the motion and scheduled a hearing.  The State filed a memorandum in opposition to Mr. Newson's motion.  At

the June 17, 2013, hearing on the motion for judicial release, the State argued that his motion was premature under Revised Code Section 2929.20(C)(2) as Mr. Newson had yet to serve 180 days of his prison sentence. The State further argued that any jail time credit awarded while he was confined to county jail during the pendency of the case should not be applied for purposes of calculating the 180-day time frame that is required before he could file his motion for judicial release. Before granting the motion, the trial judge stated on the record that he believed Mr. Newson's jail time credit should count toward the time limit for the filing of his judicial release motion.

{¶4} The trial court issued an order the same day as the hearing that ordered the Lorain Correctional Institution to release Mr. Newson to the Lorain/Medina Community Based Correctional Facility. The order also imposed probation for a period of three years.

{¶5} The State filed a timely notice of appeal and raises one assignment of error. Initially, we note that Mr. Newson has not filed a responsive brief on appeal. This Court, therefore, "may accept the [State's] statement of the facts and issues as correct and reverse the judgment if [its] brief reasonably appears to sustain such action." App.R. 18(C); *see also State v. Hillman*, 9th Dist. Wayne Nos. 12CA0028, 12CA0029, 2013-Ohio-982, ¶ 5.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING BRYANT NEWSON'S MOTION FOR JUDICIAL RELEASE BEFORE HE WAS ELIGIBLE TO EVEN FILE FOR JUDICIAL RELEASE PURSUANT TO R.C. 2929.20(C)(2) WHEN HIS MOTION WAS GRANTED.

{¶6} The State argues in its sole assignment of error that the trial court erred in granting Mr. Newson's motion for judicial release as his motion was premature under Revised

Code Section 2929.20(C)(2). While this Court agrees that Mr. Newson's motion was premature, we must dismiss the appeal.

{¶7} Revised Code Section 2929.20(B) provides that, "[o]n the motion of an eligible offender, or upon its own motion, the sentencing court may reduce the eligible offender's aggregated nonmandatory prison term * * * through a judicial release under this section." Under Section 2929.20(C)(2):

> An eligible offender may file a motion for judicial release with the sentencing court within the following applicable periods: * * * If the aggregated nonmandatory prison term * * * is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution * * *.

{¶8} In the present case, Mr. Newson was sentenced to three years in prison. By application of Section 2929.20(C)(2), Mr. Newson was not, therefore, authorized to file his motion for judicial release until 180 days from February 8, 2013, which was the date he was delivered to the Lorain Correctional Institution. The State argued at the motion hearing that only 77 days had passed between his conveyance to prison and when he filed his motion. Because Mr. Newson's motion was clearly premature, the trial court should have denied it on that basis.

{¶9} In addition, the trial judge indicated at the motion hearing that he counted the number of days Mr. Newson was confined to the county jail toward the 180-day time frame under Section 2929.20(C)(2). Mr. Newson's judgment entry of conviction for his failure to report an address awarded him jail time credit for all the time he served during the pendency of the case. It is unclear from the record the exact number of days that Mr. Newson received as credit. This Court recently recognized in the case of *State v. Noel*, 9th Dist. Lorain No. 13CA010359, 2014-Ohio-2231, that a county jail is not a state correctional facility as contemplated by Section 2929.20(C)(2). *Id*. at ¶ 10. To the extent that the trial court utilized

Mr. Newson's credit for time served in the county jail toward the 180-day filing deadline set forth in Section 2929.20(C)(2), it erred.

{¶10} This Court is compelled, however, to dismiss the State's appeal as it has no appeal of right from the court's granting of judicial release since Mr. Newson's case involves a third-degree felony. Revised Code Section 2953.08(B)(2) authorizes an appeal of right from a sentence that is contrary to law while Section 2953.08(B)(3) grants the State an appeal of right from any "sentence [that] is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree." The Ohio Supreme Court held in *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245 that neither Section 2953.08(B)(2) nor (B)(3) gives the state an appeal of right from a modification of a sentence granting judicial release for a third, fourth, or fifth degree felony. *Id.* at paragraph one of the syllabus and ¶ 19. Based on the applicable statutes and the Supreme Court's holding in *Cunningham*, the State's appeal is dismissed. *See State v. Mitchell*, 9th Dist. Lorain No. 13CA010427, 2014-Ohio-3444, ¶ 9.

III.

{¶11} For the foregoing reasons, this Court dismisses the State's attempted appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I concur in the judgment because this court does not have jurisdiction to consider the State's appeal under either R.C. 2953.08(B)(2) or R.C. 2953.08(B)(3) and I would not discuss the merits of the State's position. *See State v. Mitchell*, 9th Dist. Lorain No. 13CA010427, 2014-Ohio-3444, ¶ 9. *See also State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, paragraph one of the syllabus. Given the unqualified language in R.C. 2953.08(B)(3), it would appear that, when confronted with a prematurely filed motion, the State may have other means to immediately challenge the premature filing, such as seeking an extraordinary remedy by way of a writ. *See Mitchell* at ¶ 9, fn. 3, citing *State ex rel DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 7. Conversely, if the trial court lacked jurisdiction to entertain Mr. Newson's motion, then the judgment appealed in this case is a nullity from which no appeal will lie. *See State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, ¶ 10-14 (9th Dist.). Therefore, I concur in the dismissal of the appeal.

CARR, J.
DISSENTING.

{¶13} As I do not believe that the State is attempting to appeal a modification of Newson's sentence, I respectfully dissent for the reasons I enunciated in my dissent in *State v. Mitchell*, 9th Dist. Lorain No. 13CA010427, 2014-Ohio-3444.

{¶14} Accordingly, I would address the merits of the appeal. In that regard, I agree with the majority that the trial court erred by considering and granting Newson's motion for judicial release as the motion was premature. I further agree with the majority's conclusion that the trial court erred by applying Newson's jail time credit toward the 180-day filing deadline enunciated in R.C. 2929.20(C)(2). Therefore, I would sustain the State's assignment of error on these bases and reverse the trial court's judgment.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

ANTHONY MANNING, Attorney at Law, for Appellee.